# Third District Court of Appeal
## State of Florida

Opinion filed July 9, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2447
Lower Tribunal Nos. F22-19400, F22-19401

_____

**Tavaris Mack,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Tavaris Mack, in proper person.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for respondent.

Before SCALES, C.J., and MILLER, and BOKOR, JJ.

PER CURIAM.

Dismissed.  See Bueno v. Bueno de Khawly, 677 So. 2d 3, 4 (Fla. 3d DCA 1996) ("[P]oints of law adjudicated in a prior appeal are binding in order to promote stability of judicial decisions and to avoid piecemeal litigation.") (quotation omitted); Zuluaga v. State, Dep't of Corr., 32 So. 3d 674, 676–77 (Fla. 1st DCA 2010) ("Habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings."); Mack v. State, 426 So. 3d 655, 655 (Fla. 3d DCA 2026) ("Mack is procedurally barred from raising his claim before us in the first instance."); see also State v. S.M., 131 So. 3d 780, 784 (Fla. 2013) ("A petition for a writ of habeas corpus must be denied when the petitioner fails to provide the district court with an adequate record to review the petition.").